

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*   973-645-2700
*Newark, New Jersey 07102*

ES / OB /PL AGR
2019R00874

April 21, 2023

Michael Ashley
50 Park Place
Suite 1400
Newark, NJ 07102

      Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Waleed Dozier</u>

Dear Mr. Ashley:

    This letter sets forth the plea agreement between your client, Waleed Dozier ("DOZIER"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **April 28, 2023**, if it is not accepted in writing by that date. If DOZIER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

    Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from DOZIER to Counts One through Three of the five-count Indictment under Criminal Number 20-724 charging that: (1) from September 2019 through December 2019 DOZIER conspired with others to distribute fentanyl in violation of 21 U.S.C. § 846; (2) on December 19, 2019 DOZIER possessed with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and (3) DOZIER unlawfully possessed firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

    If DOZIER enters a guilty plea and is sentenced to a term of imprisonment within the range of **132 to 156 months and five years' supervised release** (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against DOZIER for his illegal possession of a firearm and ammunition, and his possession with intent to distribute heroin, fentanyl, and ~~[redacted]~~ in Essex County, New Jersey on or about ~~[redacted]~~ *December 19, 2019*.

In addition, if DOZIER fully complies with this agreement, at sentencing, this Office will move to dismiss Counts Four and Five of the Indictment, Criminal No. 20-724, against DOZIER.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against DOZIER even if the applicable statute of limitations period for those charges expires after DOZIER signs this agreement, and DOZIER agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, DOZIER may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), DOZIER will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violations of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) to which DOZIER agrees to plead guilty in Counts One and Two of the Indictment each carry a statutory mandatory minimum prison sentence of ten years' imprisonment, a maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to DOZIER.

The violation of 18 U.S.C. § 922(g)(1) to which DOZIER agrees to plead guilty in Count Three of the Indictment carries a statutory maximum sentence of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences on Counts One, Two and Three may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and DOZIER agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence DOZIER to a term of imprisonment within the range of 132 to 156 months and five years' supervised release.

Further, in addition to imposing any other penalty on DOZIER, the sentencing judge as part of the sentence:

(1) will order DOZIER to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order DOZIER to pay restitution pursuant to 18 U.S.C. § 3663 et seq.

(3) with respect to Counts One and Two may deny DOZIER certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) with respect to Count Three, must order forfeiture of any firearms or ammunition involved in the commission of such violations pursuant to 18 U.S.C. § 924;

(5) with respect to Counts One and Two, must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and

(6) with respect to Counts One and Two, may deny DOZIER certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

With respect to Counts One and Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require DOZIER to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should DOZIER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DOZIER may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Finally, with respect to Count Three, pursuant to 18 U.S.C. § 3583, the sentencing judge may require DOZIER to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should DOZIER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DOZIER may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, DOZIER agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offense charged in Count Three of the Indictment; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Counts One and Two of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.  Such property includes, but is not limited to:

(1) pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, 1) a Smith & Wesson M&P 9mm handgun, bearing serial number HRX5456; 2) a Rossi Taurus .357 Magnum handgun, bearing serial number DW298513 and six (6) rounds of ammunition; 3) a Lady Smith, Smith & Wesson .357 Magnum handgun, bearing serial number DBJ8858 and five (5) rounds of ammunition; 4) an additional forty-five (45) rounds of ammunition, all seized on or about December 19, 2019, which DOZIER acknowledges were involved in the commission of knowing violations of 18 U.S.C. §§ 922(g)(1); and

(2) pursuant to 21 U.S.C. § 853, approximately $40,000 in United States currency, seized on or about December 19, 2019, which DOZIER acknowledges constitutes proceeds obtained directly as a result of the offenses charged in Counts One and Two of the Indictment and/or property used to commit and to facilitate the commission of such offense (collectively, the "Forfeitable Property").

DOZIER agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  DOZIER agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  DOZIER understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  Furthermore, DOZIER waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

DOZIER further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 981 and/or 982.  DOZIER agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so.  To the extent DOZIER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn.

DOZIER consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property by federal, state, and/or local law enforcement; and (2) any additional notice requirement in connection with the forfeiture and abandonment of this property.  DOZIER also consents to the destruction of the Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on DOZIER by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DOZIER's activities and relevant conduct with respect to this case.

Stipulations

This Office and DOZIER will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, DOZIER will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim DOZIER pursues in an appropriate forum, when permitted by law, that DOZIER received constitutionally ineffective assistance of counsel.

Immigration Consequences

DOZIER understands that, if DOZIER is not a citizen of the United States, DOZIER's guilty plea to the charged offenses will likely result in DOZIER being subject to immigration proceedings and removed from the United States by making DOZIER deportable, excludable, or inadmissible, or ending DOZIER's naturalization. DOZIER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DOZIER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause DOZIER's removal from the United States. DOZIER understands that DOZIER is bound by this guilty plea regardless of any immigration consequences. Accordingly, DOZIER waives any right to challenge the guilty plea, sentence, or both based on any immigration

consequences. DOZIER also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DOZIER. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between DOZIER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *Emma Spiro*

EMMA SPIRO
OLTA BEJLERI
Assistant U.S. Attorneys

APPROVED:

Jamel Semper
Deputy Chief, Criminal Division

I have received this letter from my attorney, Michael Ashley, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                     Date: 5/15/2023
Waleed Dozier

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                     Date: 5/15/23
Michael Ashley, Esq.
Counsel for Defendant

Rule 11(c)(1)(C) Plea Agreement with Waleed Dozier ("DOZIER")

Schedule A

This Office and DOZIER agree to stipulate to the following facts:

1. From September 2019 through December 2019, DOZIER conspired with others to distribute and possess with the intent to distribute 400 grams or more of fentanyl.

2. On or about December 19, 2019, DOZIER knowingly possessed with the intent to sell over 400 grams of fentanyl.

3. On or about December 19, 2019, DOZIER knowingly possessed 1) a Smith & Wesson M&P 9mm handgun, bearing serial number HRX5456; 2) a Rossi Taurus .357 Magnum handgun, bearing serial number DW298513 and six (6) rounds of ammunition; 3) a Lady Smith, Smith & Wesson .357 Magnum handgun, bearing serial number DBJ8858 and five (5) rounds of ammunition; 4) an additional forty-five (45) rounds of ammunition a Taurus PT709 9mm handgun, bearing serial number TF065712 (the "Firearm and Ammunition").

4. Prior to DOZIER possessing the Firearm and Ammunition on or about December 19, 2019, DOZIER knew that he had previously been convicted in court of at least one crime punishable by a term of imprisonment exceeding one year. Consequently, DOZIER knew on or about December 19, 2019 that he was prohibited from possessing the Firearm and Ammunition.

5. In particular, on or about January 22, 2010, DOZIER was convicted in the Superior Court of New Jersey, Union County, of aggravated assault in violation of N.J.S.A. 2C:12-1B(6).