**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALEED DOZIER,<br><br>Defendant. | Case No. 2:20-cr-00724 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Waleed Dozier's ("Dozier") letter motion for compassionate release, which the Court construes as a motion under 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (ECF No. 165.) The United States of America (the "Government") filed a letter brief in opposition to Dozier's Motion (the "Opposition"). (ECF No. 167.) Having reviewed the parties' submissions filed in connection with the Motion, for the reasons set forth below, and for good cause appearing, Dozier's Motion is **DENIED**.

**I.   BACKGROUND**

On May 17, 2023, Dozier pled guilty to (1) conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1), (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2); and (3) possession of firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (ECF No. 130.) On February 28, 2024, the Court imposed a sentence of 136 months of imprisonment, followed by five years of supervised release. (ECF No. 159.) Dozier is currently serving his sentence at FCI McKean ("McKean") in Lewis Run, Pennsylvania. (ECF No. 165-2.)

On April 15, 2025, Dozier filed his Motion for compassionate release. (ECF No. 165.) On May 16, 2025, the Government opposed the Motion. (ECF No. 167.)

I. **LEGAL STANDARD**

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstances is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if the court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission (the "Commission") has promulgated a policy statement, revised in 2023, in relevant part, allowing a court to grant compassionate release or a sentence reduction upon a finding of (i) extraordinary and compelling reasons; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the Section 3553(a) factors, to the extent applicable ("Policy Statement"). *See United States v. Rutherford*, 120 F.4th 360, 366 (3d Cir. 2024) (citing U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sentencing Comm'n 2023); *see also United States v. Williams*, No. 17-0379, 2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (citing U.S.S.G § 1B1.13 (U.S. Sentencing Comm'n 2018)); *United States v. Burd*, Cr. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Cr. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

Congress did not define the phrase "extraordinary and compelling reasons" in 18 U.S.C. § 3582(c)(1)(A), but the Commission's Policy Statement provides "extraordinary and compelling reasons exist under any of the following [six] circumstances or a combination thereof: (1) Medical Circumstances of the Defendant"; "(2) Age of the Defendant"; "(3) Family Circumstances of the Defendant"; "(4) Victim of Abuse"; "(5) Other Reasons"; and "(6) Unusually Long Sentence." U.S.S.G § 1B1.13. Additionally, "Rehabilitation of the Defendant" is a factor to be considered, but it "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

"[S]entencing courts are [] permitted 'to exercise broad discretion' to determine whether and to what extent the prisoner warrants, or, in other words, is qualified for, a sentence reduction." *Rutherford*, 120 F.4th at 365 (3d Cir. 2024) (quoting *United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023) (internal quotation marks omitted)); *United States v. Colon*, Cr. No. 19-868, 2024 WL 4607486, at *3 (D.N.J. Oct. 25, 2024) ("Although courts are not bound by Section 1B1.13's definition of 'extraordinary and compelling reasons,' courts may still consider the definition as a 'guide' to 'shed[] light on the meaning of extraordinary and compelling reasons.'") (quoting *United States v. Andrews*, 12 F.4th 255, 259–60 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022)); *see United States v. Batista*, No. 18-415, 2020 WL 4500044, at *2 (D.N.J. Aug. 5, 2020), *appeal dismissed*, *USA v. Batista*, No. 20-2746, 2021 WL 688971 (3d Cir. Feb. 4, 2021) ("[C]ourts [have] some flexibility and discretion to consider the unique circumstances of a motion for compassionate release.") (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)).

"Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be

inconsistent with the § 3553(a) factors." *United States v. Parnell*, No. 21-2312, 2022 WL 73754, at *1 (3d Cir. Jan. 7, 2022) (citations omitted).

## II. DECISION

Section 3582(c)(1)(A) provides a court entertain a motion for compassionate release "only after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See United States v. Johnson*, No. 21-2649, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)). Dozier satisfies the requirement. Specifically, on February 11, 2025, Dozier filed a request for compassionate release with the warden of McKean. (*See* ECF No. 165-1.) On March 10, 2025, the request was denied. (*Id.*) The Government does not contest Dozier's satisfaction of the statutory exhaustion requirement but opposes the sentence reduction. (ECF No. 167 at 3.) The Court now turns to the substance of the Motion.

Dozier asks the Court to grant a compassionate release because he is the sole caretaker of his mother Falicia Dozier who was recently diagnosed with stage four kidney disease. (ECF No. 165.) Dozier also asserts since being incarcerated, he has reflected on his prior decisions, is taking advantage of programing offered at McKean, and staying out of trouble. (*Id.*) The Government contends Dozier has failed to satisfy his burden by showing that he is the sole caregiver for his ill mother or that his mother is incapacitated. (ECF No. 167 at 4.)

To show extraordinary and compelling reasons for a sentence reduction, Dozier must show "[t]he incapacitation of [his] parent when [he] would be the only available caregiver." U.S.S.G § 1B1.13(3)(c); *United States v. Bailey*, No. 14-cr-0050, 2025 WL 45687, at *4 (D.N.J. Jan. 8, 2025). The BOP Program Statement § 5050.50 provides "guidance on the meaning of incapacitation and the showing a defendant must make to demonstrate they are the sole available caregiver." *United*

4

*States v. Ali*, No. 1:11-cr-00752, 2022 WL 3357915, at *3 (D.N.J. Aug. 15, 2022). "The Program Statement makes clear that incapacitation refers to where an individual 'cannot carry on any self-care and is totally confined to a bed or chair.'" *Id.* (quoting *United States v. Doolittle*, No. 19-501, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020)). In the Third Circuit, "[w]here a defendant does not produce sufficient evidence that they are the sole caregiver or where evidence exists that the defendant is not the sole caregiver, courts typically deny relief." *United States v. Shapiro*, No. 10-471, 2024 WL 4249467, at *4 (D.N.J. Sept. 20, 2024); *see, e.g.*, *United States v. Tobolsky*, No. 21-00303, 2024 WL 323476, at *3 (D.N.J. Jan. 29, 2024).

The Court finds Dozier fails to produce sufficient evidence of his mother's incapacitation. He contends his mother has been diagnosed with stage four kidney disease but does not provide any accompanying medical documentation or detail as to the condition. (ECF No. 165.) Without detail, Dozier does not show extraordinary and compelling reasons for compassionate release regarding a family medical situation. *See Bailey*, 2025 WL 45687, at *4 (finding a defendant's bare recitation of alleged medical conditions unpersuasive). The Court also finds Dozier fails to support his claim that he is the sole caretaker of his mother. (ECF No. 165.) The credibility of Dozier's assertion is belied by the contradictory information provided by Dozier to the Probation Department during his presentence interview. The Pre-Sentence Report ("PSR") notes Dozier's mother resides with Dozier's wife and teenage child, and, Dozier has three adult siblings. (ECF No. 167 at 4 (citing PSR at ¶ 80–82).) Therefore, the Court concludes Dozier's mother's medical situation is not an extraordinary and compelling reason to warrant a compassionate release. *See Shapiro*, WL 4249467, at *4.

Dozier claims he has made strides to reflect on his choices and better himself for life as a law-abiding citizen following his release and asks the Court to consider his rehabilitation when determining whether he should be granted compassionate release. (ECF No. 165.) The Government

5

contends while the Court should consider Dozier's rehabilitation, it alone is insufficient to justify a sentence reduction. (ECF No. 167 at 5.)

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 944(t); *see also United States v. Barndt*, No. 22-2548, 2022 WL 17261784, at *2 (3d Cir. Nov. 29, 2022) (unpublished decision) (citing 28 U.S.C. § 944(t)) (holding "the District Court correctly concluded, and the statute is clear that, rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582"); *United States v. Johnson*, No. CR 2:08-374, 2021 WL 409830, at *10 (W.D. Pa. Feb. 5, 2021), *aff'd*, 848 F. App'x 60 (3d Cir. 2021) ("[The defendant's] efforts to rehabilitate himself while incarcerated are commendable, but do not satisfy his burden to show his entitlement to compassionate release.").

The Court commends Dozier on his steps towards rehabilitation and introspection but concludes Dozier's rehabilitation alone cannot be considered an extraordinary and compelling reason. The Court finds Dozier has not presented any evidence that supports finding an extraordinary and compelling reason for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Accordingly, the Motion for Compassionate Release is **DENIED**.

### III.   CONCLUSION

For the reasons set forth above, for good cause appearing, Dozier's Motion is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 2, 2025